The Honorable Ryan McKenna State Representative, District 102 Capitol Building Jefferson City, MO 65101
Dear Representative McKenna:
You have submitted to this office the following question:
Does an individual automatically continue to fill the unexpired one-year term or does the Mayor have to make an appointment, subject to the consent of the City Council, to complete the unexpired term?
In the information you supplied you stated that the city of Arnold conducted an election in April 2000 to fill an unexpired term on the city council and that the candidate with the most votes did not qualify for election because she had been convicted of a felony. The other candidate had been appointed prior to the election to fill a vacancy on the council. After the election when it was learned that the candidate with the most votes was not qualified to serve, the city attorney decided that the appointed incumbent, who was the unsuccessful candidate, would remain in office for the remainder of the unexpired term.
Article VII, Section 12 of the Missouri Constitution provides:
Section 12. Tenure of office. Except as provided in this constitution, and subject to the right of resignation, all officers shall hold office for the term thereof, and until their successors are duly elected or appointed and qualified.
Section 77.450 RSMo 1999 Supp. provides:
In counties of the first classification with a charter form of government which have a population of at least nine hundred thousand inhabitants, if a vacancy occurs in any elective office, the mayor, or the person exercising the office of mayor, shall cause a special election to be held to fill such vacancy. When any such vacancy occurs within six months of a municipal election, no election shall be called to fill such vacancy, but the same shall be filled by the mayor or the person exercising the office of mayor by appointment. Any vacancy in the office of councilman which occurs within the six months shall be filled by election, in such manner as may be provided by ordinance. In all other counties, if a vacancy occurs in any elective office other than the office of mayor, a successor to the vacant office shall be selected by appointment by the mayor with the advice and consent of a majority of the remaining members of the council. The council may adopt procedures to fill vacancies consistent with this section. The successor shall serve until the next regular election. If a vacancy occurs in any office not elective, the mayor shall appoint a suitable person to discharge the duties of the same until the first regular meeting of the council thereafter, at which time the vacancy shall be permanently filled.
You state in your request that the city in question is in Jefferson County, a first class county without a charter form of government. Therefore the provisions of Section 77.450 RSMo 1999 Supp. that apply are those in the sentence "In all other counties if a vacancy occurs in any elective office other than mayor, a successor to the vacant office shall be selected by appointment by the mayor with the advice and consent of a majority of the remaining members of the council."
The question you have presented is whether the incumbent unsuccessful candidate should retain this office if the successful candidate is disqualified from holding office. The Missouri Supreme Court addressed a similar issue in State ex Inf. Dalton v. Mouser, 284 S.W.2d 473 (Mo.banc 1955). In that case the individual elected as circuit court clerk and recorder died prior to qualifying for office. The court ruled that there was a vacancy to be filled by the governor and that the incumbent was not entitled to stay in office. Mouser, supra.
Utilizing the same reasoning a vacancy was created in the city council when the successful candidate did not qualify for office because of a felony conviction. The mechanism for filling a vacancy is set forth in Section 77.450 RSMo. Accordingly, that is how the vacancy must be filled.
 CONCLUSION
It is our opinion that a vacancy occurs when a successful candidate for city council does not qualify for office, that the incumbent does not automatically retain the seat, and that the vacancy shall be filled as provided in Section 77.450 RSMo 1999 Supp.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General